******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOHN GORBECKI ET AL. *v.*
KARL D. SHEHU ET AL.
(AC 47454)

Elgo, Wilson and Bishop, Js.

*Syllabus*

The plaintiffs appealed from the trial court's judgment for the defendants on their complaint alleging, inter alia, vexatious litigation. The plaintiffs claimed, inter alia, that the trial court improperly found that there was probable cause for the prosecution of a prior action against the plaintiffs. *Held*:

This court dismissed the appeal as moot, the plaintiffs having failed to challenge one of the two grounds that the trial court expressly and correctly identified as being independently sufficient to support its judgment for the defendants.

Argued April 15—officially released August 12, 2025

*Procedural History*

Action to recover damages for, inter alia, vexatious litigation, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the action was withdrawn as against the defendant Heidi Finke et al.; thereafter, the case was tried to the court, *Cordani, J.*; judgment for the named defendant et al., from which the plaintiffs appealed to this court. *Appeal dismissed.*

*Kenneth A. Votre*, for the appellants (plaintiffs).

*Suzanne B. Sutton*, for the appellees (named defendant et al.).

*Opinion*

PER CURIAM. The plaintiffs, John Gorbecki and Joseph Gorbecki, brought the civil action underlying this appeal, which includes claims of statutory vexatious litigation, common-law vexatious litigation, and abuse of process, against the defendants Karl D. Shehu

and Shehu, LLC.[1] Following a bench trial, the trial court rendered judgment in favor of the defendants, from which the plaintiffs now appeal. Having reviewed the claims that are properly before us in this appeal, we conclude that the appeal is moot because the plaintiffs have failed to challenge an independent ground that supports the judgment. Accordingly, we dismiss the appeal.

The following procedural history is relevant to this appeal. In their revised complaint dated September 9, 2022, the plaintiffs alleged that, at all relevant times, Shehu was a member of the Connecticut bar engaged in the practice of law through his law firm, Shehu, LLC. On or about November 15, 2013, the defendants, on behalf of their clients, Heidi Finke and Jeffrey Windischman, commenced a civil action (prior action) that included claims against the plaintiffs in their individual capacities. The defendants, seeking more than one million dollars in damages, alleged in the prior action that the plaintiffs had engaged in tortious conduct related to the sale of a truck by A Better Way Wholesale Autos, Inc. (A Better Way). At all relevant times, John Gorbecki was the president of A Better Way and Joseph Gorbecki was its manager. On September 11, 2015, the defendants attempted to unilaterally withdraw the prior action in its entirety without the knowledge of their clients, but the court rejected the withdrawal. On July 7, 2016, Attorney Chris Nelson replaced the defendants as counsel for Finke and Windischman in the prior action. Thereafter, Nelson filed an amended complaint that included claims against A Better Way but omitted claims brought against the plaintiffs individually.

Relying on their allegations concerning the prior action, the plaintiffs in count one of the present action

---

[1] The plaintiffs also named Heidi Finke and Jeffrey Windischman as defendants but later withdrew the claims brought against them. For clarity, we refer to Karl D. Shehu and Shehu, LLC, collectively as the defendants and individually by name where appropriate.

set forth a statutory vexatious litigation claim under General Statutes § 52-568. The plaintiffs alleged that the defendants had commenced the prior action "without probable cause and with malicious intent unjustly to vex and trouble the plaintiffs." In count two, the plaintiffs brought a claim for common-law vexatious litigation. The plaintiffs alleged that "[t]he defendants instituted and prosecuted the [prior action] without probable cause and with malicious intent." In count three, the plaintiffs brought a claim sounding in abuse of process because "[the defendants] commenced and prosecuted the [prior] action against the [plaintiffs] as individuals in an improper manner and to accomplish a purpose for which the judicial system [was] not designed. . . . The purpose was to harass, bully, frighten and force A Better Way to settle claims because by suing its officers, [the defendants] sought to have the [plaintiffs] personally pay for the actions of . . . [A Better Way]." The defendants either denied the substantive allegations in the complaint or left the plaintiffs to their proof. The defendants, by way of special defenses applicable to all three counts, alleged that the plaintiffs had failed to state a claim upon which relief could be granted and failed to mitigate damages, if any. The plaintiffs denied the affirmative defenses.

Following a bench trial, the court issued a written decision in which it rendered judgment for the defendants. After setting forth its findings of fact and discussing the legal principles applicable to each of the plaintiffs' causes of action, the court stated: "The court finds that the plaintiffs have failed to meet their burden of proof on all three counts for two reasons, each of which reasons is independently sufficient to support entry of judgment for the defendants. First, the removal of the individual claims against the plaintiffs in the [prior action] through the voluntary filing of an amended complaint does not qualify as a termination

of the claims in favor of the plaintiffs.[2] This is particularly so where the prior [action] was ultimately settled and withdrawn in exchange for a substantial payment and the exchange of mutual general releases, and where the plaintiffs here took part in the payments and releases. Further, the court has found that [Shehu] did not act with malice nor did he knowingly [or] wilfully abuse court processes.

"Secondly, the plaintiffs have failed to prove damages with any reasonable reliability or particularity. Proof of damages [is] necessary to succeed on all of the counts." (Footnote in original.) With respect to the issue of damages, the court found as follows: "In this matter, the plaintiffs have failed to prove any damages. The court did not credit Mr. Joseph Gorbecki's testimony that the existence of the individual claims, as opposed to the [prior action] itself in its entirety, injured his relationship with banks. The plaintiffs further produced no reliable evidence of attorney's fees paid by the plaintiffs in connection with the claims against the individuals."[3] (Footnote omitted.) This appeal followed.

The plaintiffs set forth four distinct claims in the statement of issues section of their principal appellate brief. First, "[d]id the trial court err in finding that there was probable cause for the prosecution of the prior action against [the plaintiffs]?" Second, "[d]id the trial court erroneously rule that a unilateral [withdrawal] of

---

[2] "The court notes that a voluntary amendment to a complaint in an ongoing proceeding without more does not permanently terminate claims. No final judgment was entered on the individual claims as a result of the amended complaint."

[3] The court also found that the testimony presented by the plaintiffs concerning damages "was entirely generic, unsupported by anything other than [Joseph] Gorbecki's subjective opinion, and entirely unquantified." The court likewise found that the testimony of Joseph Gorbecki that the plaintiffs had paid $18,000 or more in legal fees solely with respect to the claims brought against them in their individual capacities "was unsupported by any documentary evidence, imprecise in its nature, and unreliable."

claims without consideration is [not a] favorable final determination in regard to the plaintiffs' vexatious litigation claim?" Third, "[i]s the trial court's holding that the plaintiffs did not satisfy the favorable termination rule contrary to the Supreme Court's holding in *DeLaurentis* v. *New Haven*, 220 Conn. 225 [597 A.2d 807] (1991)?" Fourth, "[d]id the trial court err in concluding the plaintiffs did not prove damages?"

A careful review of the body of the plaintiffs' principal appellate brief, however, reveals that the plaintiffs have only addressed the merits of the claims pertaining to probable cause and favorable termination. The plaintiffs did not challenge the merits of the trial court's determination that they did not prove damages with any reasonable reliability or particularity. Accordingly, we conclude that the plaintiffs have abandoned the claim related to damages that appears solely in the statement of issues portion of the brief. See, e.g., *Stubbs* v. *ICare Management, LLC*, 198 Conn. App. 511, 529, 233 A.3d 1170 (2020) (deeming claim abandoned because it was only referenced in statement of issues, introduction, and heading of brief). "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [When] a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned. . . . For a reviewing court to judiciously and efficiently . . . consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs." (Internal quotation marks omitted.) *Thomas* v. *Cleary*, 229 Conn. App. 15, 35, 326 A.3d 1109 (2024).[4]

---

[4] In their appellate brief, the defendants, in arguing that the judgment rendered in their favor should be affirmed, relied on the court's determina-

In this appeal, the plaintiffs have left unchallenged one of the two grounds that the court expressly and correctly identified as being independently sufficient to support its judgment in favor of the defendants. Faced with this deficiency, we must determine whether we have subject matter jurisdiction over this appeal or whether it should be dismissed as moot.[5] "Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . A determination regarding . . . [this court's] subject matter jurisdiction is a question of law . . . [and, therefore] our review

tion that the plaintiffs had failed to prove damages. Thereafter, the plaintiffs, in their reply brief, argued that they proved actual damages and, alternatively, were entitled to nominal damages in connection with one or both of their vexatious litigation causes of action. This analysis in the plaintiffs' reply brief is of no consequence to our determination that they have abandoned the damages claim. An appellant may not raise arguments for the first time in a reply brief. See, e.g., *Lafferty* v. *Jones*, 229 Conn. App. 487, 510 n.26, 327 A.3d 941 (2024) ("[e]ven if some semblance of this claim can be gleaned from the defendants' principal appellate brief, we conclude that the defendants have abandoned the claim as a result of their failure to brief it adequately in their main brief and notwithstanding their attempt to expound on it in their reply brief"), cert. denied, 351 Conn. 923, 333 A.3d 105 (2025), and cert. denied, 351 Conn. 923, 333 A.3d 106 (2025).

[5] Even though we raised the issue of mootness sua sponte, we invited the parties to be prepared to address the issue at oral argument. This court sent the following notice to the parties: "The parties are hereby notified to be prepared to address at oral argument on April 15, 2025, at 2 p.m., whether this appeal is moot for failure to challenge each independent basis for the trial court's decision where the plaintiffs in their principal appellate brief acknowledge but do not brief a claim regarding the trial court's determination that the plaintiffs did not prove damages, which the trial court identified as one of 'two reasons . . . each of which . . . is independently sufficient to support entry of judgment for the defendants.' See *Bongiorno* v. *J & G Realty*, *LLC*, 211 Conn. App. 311, 320–24 [272 A.3d 700] (2022)."

At oral argument, counsel for the defendants argued that the appeal was moot and that it would be appropriate for this court to either affirm the judgment or dismiss the appeal. Counsel for the plaintiffs argued that, under a broad reading of *Blumberg Associates Worldwide*, *Inc.* v. *Brown & Brown of Connecticut*, *Inc.*, 311 Conn. 123, 138–175, 84 A.3d 840 (2014), this court has the discretion to consider the damages claim despite the fact that it was not properly briefed. We are not persuaded by the plaintiffs' argument.

is plenary. . . . [I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . .

"Where an appellant fails to challenge all bases for a trial court's adverse ruling on [her] claim, even if this court were to agree with the appellant on the issues that [she] does raise, we still would not be able to provide [her] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Citation omitted; internal quotation marks omitted.) *Bongiorno* v. *J & G Realty, LLC*, 211 Conn. App. 311, 322, 272 A.3d 700 (2022).

In the present appeal, even if this court were to agree with the plaintiffs on their properly briefed claims regarding probable cause and favorable termination, the judgment would still stand in light of the court's unchallenged determination that the plaintiffs failed to prove damages with respect to all of their causes of action. Thus, we are unable to afford the plaintiffs practical relief in connection with their other claims that are properly briefed in this appeal. Accordingly, the appeal is dismissed as moot.

The appeal is dismissed.