******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ELTON FERRUA ET AL. *v.* NAPOLI
FOODS, INC., ET AL.
(AC 47975)

Moll, Suarez and Westbrook, Js.

*Syllabus*

The plaintiffs appealed from the trial court's judgment dismissing their complaint alleging, inter alia, abuse of process, after granting a motion to strike filed by two of the defendants, an attorney and his law firm, who had represented the named defendant in workers' compensation proceedings involving the named plaintiff. The plaintiffs claimed, inter alia, that the court improperly concluded that they had failed to sufficiently plead an actionable abuse of process claim. *Held*:

This court dismissed the plaintiffs' appeal as moot because they did not challenge on appeal the trial court's conclusion that their action was barred by the workers' compensation exclusivity provision in the statute (§ 31-284 (a)), an independent ground expressly relied on by the trial court to support the granting of the defendants' motion to strike, and, accordingly, this court was unable to afford the plaintiffs practical relief in connection with their properly briefed claims on appeal.

Argued October 15—officially released December 30, 2025

*Procedural History*

Action to recover damages for, inter alia, abuse of process, and for other relief, brought to the Superior Court in the judicial district of Waterbury, where the court, *D'Andrea, J.*, granted a motion to strike filed by the defendant Dominick C. Statile et al. and rendered a judgment of dismissal thereon; thereafter, the action was withdrawn as to the remaining defendants, and the plaintiffs appealed to this court. *Appeal dismissed.*

*Eddi Z. Zyko*, for the appellants (plaintiffs).

*Jonathan C. Zellner*, for the appellees (defendant Dominick C. Statile et al.).

*Opinion*

SUAREZ, J. The plaintiffs, Elton Ferrua (Elton) and Milika Ferrua (Milika),[1] brought the civil action underlying this appeal, which alleges claims of abuse of process and loss of consortium, respectively, against the defendants Dominick C. Statile, a Connecticut attorney, and Montstream Law Group, LLP (Montstream).[2] The trial court granted the defendants' motion to strike and thereafter rendered judgment dismissing the complaint, from which the plaintiffs now appeal, claiming that the court improperly (1) converted the defendants' motion to strike into a motion to dismiss, (2) concluded that Elton failed to sufficiently plead an actionable abuse of process claim, and (3) determined that the defendants' conduct was absolutely privileged and that the court therefore lacked subject matter jurisdiction. The defendants respond, inter alia, that the appeal is moot because the plaintiffs have not challenged on appeal the court's conclusion that their action was barred by the workers' compensation exclusivity provision in General Statutes § 31-284 (a),[3] even though this was

---

[1] In this opinion, we refer to the plaintiffs individually by name when necessary and collectively as the plaintiffs.

[2] The plaintiffs also named Napoli Foods, Inc., Praetorian Insurance Company, Gallagher Bassett Services, and Steven E. Selden, a physician, as defendants but later withdrew the claims brought against them. For clarity, we refer to Dominick C. Statile and Montstream Law Group, LLP, collectively as the defendants and individually by name when appropriate.

[3] General Statutes § 31-284 (a) provides: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as provided under this chapter, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section

an independent ground to support the granting of the defendants' motion to strike. We agree with the defendants that the appeal is moot because the plaintiffs have failed to challenge an independent ground that supports the judgment of the trial court striking counts one, two, three, and four of the operative complaint. Accordingly, we dismiss the appeal.[4]

The following facts, as alleged in the plaintiffs' operative amended complaint,[5] and procedural history are relevant to our resolution of this appeal. At all relevant times, Elton was employed by the defendant Napoli Foods, Inc. (Napoli Foods). Statile, the managing partner of Montstream, was assigned to defend Napoli Foods and Gallagher Bassett Services in connection with two workers' compensation claims that Elton had brought against them for personal injuries he allegedly sustained in March and April, 2011.

Statile noticed a respondent's medical examination in Elton's workers' compensation matters, to be performed by Steven E. Selden, a physician. Selden allegedly prepared a report thereafter that referenced certain video surveillance footage of Elton, which had been provided to him by the defendants. Statile also allegedly showed the video surveillance footage to Judith L. Gorelick, Elton's treating physician, during her deposition, without indicating that the footage was authenticated, consented to by Elton, or previously presented to Elton.

In November, 2023, the plaintiffs commenced the present action against the defendants. On April 4, 2024,

shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

[4] Because we dismiss the plaintiffs' claims as moot, we do not reach the merits of their claims.

[5] For purposes of reviewing a motion to strike, "we take the facts alleged in the complaint as true." (Internal quotation marks omitted.) *Michel* v. *Hartford*, 226 Conn. App. 98, 101 n.2, 317 A.3d 49 (2024).

the plaintiffs filed the operative complaint consisting of twelve counts.[6] Only counts one through four, alleging abuse of process and loss of consortium as to the defendants, are relevant to the present appeal. Specifically, the plaintiffs alleged that the defendants' conduct in Elton's workers' compensation matters constituted an abuse of process because the defendants used a legal process against them "in an improper manner or to accomplish a purpose for which it was not designed . . . ." (Internal quotation marks omitted.)The plaintiffs further alleged that Milika, Elton's wife, suffered a loss of consortium and emotional distress as a result of the defendants' alleged tortious conduct.[7]

On April 26, 2024, the defendants filed a motion to strike and a memorandum of law in support of their motion on the grounds that (1) the workers' compensation exclusivity provision barred the plaintiffs' action, (2) Elton failed to plead actionable claims of abuse of process, and (3) because Milika's loss of consortium claims were derivative of Elton's claims, they also failed as a matter of law.[8] The plaintiffs filed a reply memorandum in opposition to the defendants' motion to strike on May 10, 2024.

[6] The remaining counts were brought against Napoli Foods, Praetorian Insurance Company, Gallagher Bassett Services, and Selden, who are not participating in the present appeal. See footnote 2 of this opinion.

[7] The plaintiffs' original complaint, filed on November 29, 2023, also alleged claims of so-called "unintentional infliction of emotional distress," as well as violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The plaintiffs, however, withdrew those counts of the complaint on March 27, 2024, and subsequently filed the operative amended complaint on April 4, 2024, which omitted those allegations.

[8] The defendants did not raise the issue of whether the litigation privilege barred the plaintiffs' action in their motion to strike. The issue, however, was discussed before the court, *D'Andrea*, *J.*, at oral argument on the defendants' motion to strike. Moreover, it is well established that the litigation privilege, which implicates the court's subject matter jurisdiction, may be raised at any time. See, e.g., *Brady* v. *Bickford*, 179 Conn. App. 776, 790–91, 183 A.3d 27 (2018).

After a hearing, the court issued a memorandum of decision on July 10, 2024, in which it granted the defendants' motion to strike counts one, two, three, and four of the operative complaint. The court granted the motion to strike on the grounds that the workers' compensation exclusivity provision barred the action and that Elton failed to sufficiently plead an abuse of process claim. The court also concluded that the defendants' conduct was protected by absolute privilege and, therefore, determined that it lacked subject matter jurisdiction and dismissed the complaint. The court further ordered that the plaintiffs were precluded from filing a substitute complaint.[9]

With respect to the workers' compensation exclusivity provision, the court stated: "The plaintiffs' claims distill to the contention that the defendants provided surveillance video footage of Elton to Selden, without any indication that Elton had consented to the surveillance or that the footage was provided to him; and that Statile did not inform Elton's counsel of the existence of the footage or provide it to counsel before showing it to Gorelick at her deposition. This conduct occurred in the context of a deposition in Elton's workers' compensation matters. Such conduct implicated strategy in the defense of Napoli Foods in the workers' compensation matters. Because the plaintiffs' claims implicate issues arising out of and in the course of the workers' compensation claims process, redress for any claimed injuries arising therefrom falls within the purview of the exclusivity provision of the workers' compensation statute. To permit the claims to continue would invite indefinite prolonged litigation and create a risk of double recovery by the plaintiffs. It also would usurp the

_____

[9] On that same date, the court issued memoranda of decision dismissing the plaintiffs' claims against Napoli Foods, Praetorian Insurance Company, Gallagher Bassett Services, and Selden. The plaintiffs have not appealed from the court's rulings with respect to those defendants. See footnote 2 of this opinion.

purpose of the exclusivity provision. *DeOliveira* [v. *Liberty Mutual Ins. Co.*, 273 Conn. 487, 503–504, 870 A.2d 1066 (2005)]. Because the exclusivity provision bars the plaintiffs' claims, the defendant[s] accurately [contend] that the court should strike the plaintiffs' amended complaint and dismiss the action."

The court also concluded that Elton's abuse of process claims were legally insufficient. The court reasoned that "Elton complains of conduct occurring in the context of an administrative proceeding, which is clearly not a judicial action. That alone renders the claims legally insufficient. Furthermore, even if the workers' compensation proceeding is quasi-judicial in nature and sufficient to render it a judicial process for purposes of an abuse of process claim, Elton's claims are still legally insufficient because the defendants did not commence the proceeding. . . . Their alleged conduct occurred in the context of a deposition taken as part of the workers' compensation proceeding filed by Elton, and being defended by the defendants." (Internal quotation marks omitted.) Because the court determined that Elton's abuse of process claims in counts one and three should be stricken, it concluded that Milika's loss of consortium claims in counts two and four must also fail.

Finally, the court determined that the defendants were entitled to absolute immunity with respect to their conduct, and that, as a result, it lacked subject matter jurisdiction. Specifically, the court stated that an "absolute privilege . . . attaches to relevant statements made during administrative proceedings [that] are quasi-judicial in nature." (Internal quotation marks omitted.) The court therefore dismissed the plaintiffs' action and ordered that they were precluded from filing a substitute complaint. On July 29, 2024, the plaintiffs filed a motion to reargue, to which the defendants

objected. On August 26, 2024, the court denied the plaintiffs' motion to reargue. This appeal followed.

The plaintiffs set forth five distinct issues in the statement of issues section of their principal appellate brief. First, "[w]hether the trial court erred in converting a motion to strike into a motion to dismiss without providing the [plaintiffs] timely notice and a meaningful opportunity to be heard . . . ." Second, "[w]hether an action for abuse of process lies where the underlying litigation takes place in an administrative, as opposed to a judicial, forum." Third, "[w]hether an abuse of process action may be maintained where the administrative action was not commenced by the defendants." Fourth, "[w]hether process can be a manipulated deposition." And, fifth, "[w]hether attorneys are immune from an abuse of process claim."

The plaintiffs have not stated any claim in their statement of issues that the trial court incorrectly concluded that their action was barred by the workers' compensation exclusivity provision. Moreover, our careful review of the body of the plaintiffs' principal appellate brief reveals that they did not brief any such claim.[10] Accordingly, we conclude that the plaintiffs have abandoned any claim relating to the exclusivity provision, which constituted an independent ground on which the court granted the defendants' motion to strike. See, e.g., *Traylor* v. *State*, 332 Conn. 789, 804–805, 213 A.3d 467 (2019) (plaintiff's failure to brief challenge to trial

---

[10] The plaintiffs, in responding to the defendants' argument that the appeal should be dismissed as moot because they failed to challenge the court's determination regarding the workers' compensation exclusivity provision, challenge the court's conclusion as to that issue in their reply brief. This analysis, however, is of "no consequence to our determination that [the plaintiffs] have abandoned" any claim regarding the exclusivity provision. *Gorbecki* v. *Shehu*, 234 Conn. App. 355, 360 n.4, 342 A.3d 1052, cert. denied, 353 Conn. 930,    A.3d    (2025). "An appellant may not raise arguments for the first time in a reply brief." Id.

court's conclusions in its memoranda of decision consti-
tuted abandonment of any such challenge to those con-
clusions, rendering plaintiff's claim on appeal moot);
cf., e.g., *Gorbecki* v. *Shehu*, 234 Conn. App. 355, 359,
342 A.3d 1052 (concluding that plaintiffs abandoned
claim that appeared solely in statement of issues portion
of brief), cert. denied, 353 Conn. 930,     A.3d
(2025).

In this appeal, the plaintiffs have left unchallenged
one of the grounds on which the court expressly relied
as being sufficient to grant the defendants' motion to
strike.[11] Faced with this deficiency, "we must determine
whether we have subject matter jurisdiction over this
appeal or whether it should be dismissed as moot. Moot-
ness is a question of justiciability that must be deter-
mined as a threshold matter because it implicates [this]
court's subject matter jurisdiction . . . . A determina-
tion regarding . . . [this court's] subject matter juris-
diction is a question of law . . . [and, therefore] our
review is plenary. . . . [I]t is not the province of appel-
late courts to decide moot questions, disconnected from

[11] The fact that the court dismissed the action in light of its determination
that the defendants' conduct was absolutely privileged does not alter our
conclusion that the present appeal is moot. Although the workers' compensa-
tion exclusivity provision does not implicate the court's subject matter
jurisdiction; see, e.g., *Feliciano* v. *State*, 336 Conn. 669, 684, 249 A.3d 340
(2020) (holding that trial court correctly concluded that plaintiff's action
was barred by § 31-284 (a), but concluding that form of judgment was
improper because trial court had jurisdiction over complaint); as we
explained previously, in addition to the trial court's conclusion that the
plaintiffs did not sufficiently plead an abuse of process claim, the exclusivity
provision was an independent ground on which the court relied in granting
the motion to strike, and the plaintiffs have not challenged the court's ruling
as to that ground on appeal.

Furthermore, the plaintiffs' claim regarding the litigation privilege is inade-
quately briefed, as it occupies less than one page of the plaintiffs' principal
appellate brief and contains minimal citations to relevant authorities or
analysis. Therefore, even if that claim was properly before us, we would
decline to address it. See, e.g., *OneWest Bank, N.A.* v. *Ceslik*, 202 Conn.
App. 445, 466–67, 246 A.3d 18, cert. denied, 336 Conn. 936, 249 A.3d 39 (2021).

the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff[s] or defendant[s] in any way. . . .

"Whe[n] an appellant fails to challenge all bases for a trial court's adverse ruling on [their] claim[s], even if this court were to agree with the appellant[s] on the issues that [are] raise[d], we still would not be able to provide [them] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Footnote omitted; internal quotation marks omitted.) *Gorbecki* v. *Shehu*, supra, 234 Conn. App. 360–61.

In the present case, even if we were to agree with the plaintiffs' claims, the trial court's decision to grant the defendants' motion to strike would still stand in light of its independent, unchallenged determination that the plaintiffs' action was barred by the workers' compensation exclusivity provision.[12] Thus, we are

[12] The plaintiffs have not disputed that the issues of whether (1) Elton sufficiently pleaded an abuse of process claim, and (2) the litigation privilege applies are independent of whether the workers' compensation exclusivity provision in § 31-284 (a) bars the present action. An analysis of the exclusivity provision would involve a determination of whether the legislature intended that the Workers' Compensation Act, General Statutes § 31-275 et seq., would be "applicable to the injury at issue." *DeOliveira* v. *Liberty Mutual Ins. Co.*, supra, 273 Conn. 498. As to whether Elton sufficiently pleaded an abuse of process claim, the plaintiffs argue that (1) an action for abuse of process lies when the underlying litigation takes place in an administrative forum, (2) an action for abuse of process may be maintained when the administrative action was not commenced by the defendants, and (3) process can be a manipulated deposition. As to the litigation privilege, it is a "long-standing [common-law] rule that communications uttered or published in the course of judicial proceedings are absolutely privileged so long as they are in some way pertinent to the subject of the controversy." (Internal quotation marks omitted.) *Ammar I.* v. *Dept. of Children & Families*, 351 Conn. 656, 665, 332 A.3d 180 (2025). These issues are wholly distinct from the issue of whether the action was barred by § 31-284 (a).

unable to afford the plaintiffs practical relief in connection with their other claims that are properly briefed in this appeal. See, e.g., id., 361 (dismissing appeal as moot because, even if plaintiffs were to succeed on appeal vis--vis properly briefed claims, judgment would still stand in light of trial court's unchallenged determination that plaintiffs failed to prove damages with respect to all causes of action). Accordingly, the appeal is dismissed as moot.

The appeal is dismissed.

In this opinion the other judges concurred.

---

Therefore, the present case is distinguishable from cases in which reviewing courts have declined to dismiss an appeal as moot because the challenged ground that formed the basis of the appeal was not independent of an unchallenged ground. Cf., e.g., *Doe* v. *Hartford Roman Catholic Diocesan Corp.*, 317 Conn. 357, 379 n.23, 119 A.3d 462 (2015) (declining to dismiss claim as moot when claim encompassed two "conceptually related" factual bases).